Harold E. MacDonald and Marian B. MacDonald v. Commissioner.
MacDonald v. Commissioner
Docket No. 46330.
United States Tax Court
1956 Tax Ct. Memo LEXIS 62; 16 T.C.M. (CCH) 208; October 18, 1956
*62 RICE
Memorandum Sur Order RICE, Judge: In our opinion in this case, appearing at , we held that the option granted to petitioner, Harold E. MacDonald, to purchase 10,000 shares of stock at a price substantially less than the market price was intended to induce him to accept employment with the grantor, and, therefore, the spread between the option price and the market price at the date of exercise was taxable compensation. The Court of Appeals for the Seventh Circuit reversed, stating that though the transaction was compensatory in nature, effective restrictions had been imposed upon the sale of such stock and, accordingly, it had no ascertainable fair market value, thus precluding the determination of taxable gain as measured by respondent. The following statement appears in the slip sheet opinion of the Court of Appeals, at page 11: "Taxpayer acquired the corporate stock with an agreement not to sell and, in addition, if he had violated this agreement and sold the stock, he probably would have been required to account for the profits. Certainly he would have been faced with a legal action to recover such profits. This is not to say that *63 he did not realize economic gain upon purchase of the stock but, even so, the question remains as to the proper formula for the ascertainment of the amount and extent of such gain. The Tax Court has held that it is the difference between the option price and the fair market value of the stock on the New York Stock Exchange at the time of its acquirement. We disagree with that conclusion. Whether there is some other formula by which such gain can be ascertained, either in 1949 or some other year, we are not called upon to decide." The concluding statement in the court's opinion is as follows: "The decision of the Tax Court is reversed and the cause remanded, without prejudice to any further proceedings not inconsistent with this opinion." On May 7, 1956, respondent moved that this cause be placed on the calendar for an additional hearing pursuant to the mandate of the Court of Appeals for the Seventh Circuit. A hearing on said motion was held on June 19, 1956, and the parties subsequently submitted briefs on the question of whether such additional hearing should be held. We have carefully considered the alternative methods proposed by respondent for computing the gain realized *64 by Harold E. MacDonald upon the exercise of his stock option. We are unable to find that there is any method of computation, other than the one used in our original opinion, which is proper or meritorious and, the respondent's motion for an additional hearing in this cause is hereby denied. Decision will be entered under Rule 50.